UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH JEROME GRIFFIN,

                Petitioner,

-against-

WARDEN A.M.K.C.; NYC DEPT OF
CORRECTIONS; OTHER PERSONS HAVING
CUSTODY OF DETAINES,

                Respondents.

22-CV-6302 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, currently incarcerated at the Anna M. Kross Center (AMKC) on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. By order dated July 25, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). For the reasons discussed below, the Court directs Petitioner to file an amended petition within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United*

*States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are drawn from the petition. Since May 27, 2022, Petitioner has been "unlawfully incarcerated" for a New York County arrest. (ECF 2 ¶¶ 6, 13.) Petitioner has not yet been convicted, and he is challenging his pretrial detention on the following grounds: (1) he was denied the right to testify before the grand jury; and (2) there was "improper extension" of the grand jury proceedings, which violated his right to a speedy trial, under N.Y. Crim. Proc. L. § 180.80. (*Id.* at ¶ 7.) An attorney filed a *habeas corpus* petition in the state trial court on Petitioner's behalf, but that court denied it on June 23, 2022. (*Id.* ¶ 7, and 19-21.)[1] There is no indication that any appeal was taken from that denial.

Attached to the present petition are: (1) emails between Petitioner's attorneys expressing a belief that it was "inadvisable" for Petitioner to testify before the grand jury; and (2) a transcript of proceedings that, according to Petitioner, shows that his attorneys were ineffective or committed "legal malpractice" because they misrepresented his wishes. (*Id.* ¶ 7, 10-18.) Petitioner seeks to "dismiss vacate" the arrest and to be released from custody. (*Id.* ¶ 15.)

## DISCUSSION

**A.     Challenge to state-court proceedings**

Petitioner brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the constitutionality of his detention and seeking the dismissal of the criminal

---

[1] Non-paragraph citations are to attachments to the petition, with page numbers from the Court's Electronic Case Filing (ECF) System.

charges and to be released. Section 2241 provides a limited opportunity for a state pretrial detainee to challenge his pretrial detention, but a Section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that a federal *habeas corpus* proceeding is not to be converted into a "pretrial motion forum for state prisoners") (citing *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). A pending state-court prosecution ordinarily provides the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant,* 421 U.S. 117, 124 (1975); *see also Baker v. Supreme Court for New York*, No. 12-CV-4750 (BMC), 2012 WL 4739438, at *2 (E.D.N.Y Oct. 3, 2012).

As Petitioner brings this *habeas corpus* petition seeking relief in his ongoing criminal proceedings, the Court must consider whether it must abstain from reviewing some or all of his constitutional claims until judgment is final.

Courts have found special circumstances warranting *habeas corpus* relief before trial in at least two situations, one of which is arguably relevant here. First, pretrial *habeas* relief may be

appropriate where the petitioner's rights cannot be fully vindicated at the conclusion of trial. For example, courts have declined to abstain from considering double jeopardy claims in pretrial *habeas corpus* petitions because the right to avoid the ordeal of undergoing multiple trials cannot be vindicated after the second trial. *See, e.g.*, *Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) ("The very constitutional right claimed . . . would be violated if [the petitioner] were compelled to raise his double jeopardy claim after the second trial.").

Second, courts considering whether to abstain from hearing a constitutional challenge while criminal proceedings are pending have examined whether the claim seeks relief that is collateral to the criminal proceeding. *See, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 108 (1975) (holding that federal court correctly declined to abstain from hearing claims that prisoners were being detained without probable cause hearings, because "[t]he order to hold preliminary hearings could not prejudice the conduct of the trial on the merits" and was directed "only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution"); *see also Braden*, 410 U.S. at 493 (*habeas corpus* petition could be heard before trial where petitioner sought to be brought speedily to trial and "made no effort to abort a state proceeding, or to disrupt the orderly functioning of state judicial processes"). *But see Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (holding, in an action brought under 42 U.S.C. § 1983, that interference with state-court bail proceedings would violate principles of *Younger*); *see also Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) ("*Younger* abstention ordinarily applies to a state court's bail application proceedings.") (citation omitted).

Here, Petitioner's allegations that the state court has impeded his efforts to be brought speedily to trial may present special circumstances permitting *habeas corpus* review prior to the conclusion of his criminal proceedings. *See Braden*, 410 U.S. at 493. The requirement of prior

exhaustion of state-court remedies applies, however, and Petitioner does not allege facts suggesting that he has fully exhausted his state-court remedies with respect to his speedy trial claims.

B.     **Exhaustion of state-court remedies**

Before seeking Section 2241federal *habeas corpus* relief, a state pretrial detainee must first exhaust his available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq*.

Petitioner alleges that he filed a state-court *habeas corpus* petition that was denied by the New York Supreme Court, New York County. He does not allege that he appealed that denial all the way up to the New York Court of Appeals. Rather, Petitioner seems to assert that he appealed by merely filing his state-court *habeas corpus* petition in the New York Supreme Court. Petitioner therefore does not allege facts suggesting that he has fully exhausted his speedy-trial claims in the state court.

Because Petitioner is proceeding in this matter *pro se*, the Court grants him leave to file an amended Section 2241 petition. Petitioner must state in the amended petition what he has done to present his claims to the state courts, such as bringing a state-court *habeas corpus* petition and pursuing all levels of appellate review.

## CONCLUSION

Petitioner is directed to file an amended petition containing the information specified above.[2] Petitioner must submit the amended petition to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Petition," and label the document with docket number 22-CV-6302 (LTS). An Amended Petition form is attached to this order, which Petitioner should complete. No answer shall be required at this time. If Petitioner fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the petition will be denied in its entirety.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 29, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

[2] The proper respondent to be named in the amended petition is Petitioner's immediate custodian, in this case, the Warden of AMKC. *See Padilla v. Rumsfeld*, 542 U.S. 426, 435, 442-43 (2004).

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
## Instructions

1. **Who Should Use This Form**. You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form**. You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition**. The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

4. **Supporting Documents**. In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee**. You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court**. Mail your petition and _____ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. **Change of Address**. You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

)
)
)
*Petitioner* )
)
v. ) Case No. _____
) *(Supplied by Clerk of Court)*
)
)
)
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1. (a) Your full name: _____
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution: _____
   (b) Address: _____
   (c) Your identification number: _____
3. Are you currently being held on orders by:
   ❏ Federal authorities   ❏ State authorities   ❏ Other - explain: _____

4. Are you currently:
   ❏ A pretrial detainee (waiting for trial on criminal charges)
   ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
         (a) Name and location of court that sentenced you: _____
         (b) Docket number of criminal case: _____
         (c) Date of sentencing: _____
   ❏ Being held on an immigration charge
   ❏ Other *(explain)*: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:

   ❒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ❒ Pretrial detention

   ❒ Immigration detention

   ❒ Detainer

   ❒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ❒ Disciplinary proceedings

   ❒ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court:

   (b) Docket number, case number, or opinion number:

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

   (d) Date of the decision or action:

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ❒ Yes          ❒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:

   (2) Date of filing:
   (3) Docket number, case number, or opinion number:
   (4) Result:
   (5) Date of result:
   (6) Issues raised:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b)  If you answered "No," explain why you did not appeal:

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ❏ Yes            ❏ No

   (a)  If "Yes," provide:

   (1)  Name of the authority, agency, or court:

   (2)  Date of filing:
   (3)  Docket number, case number, or opinion number:
   (4)  Result:
   (5)  Date of result:
   (6)  Issues raised:

   (b)  If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ❏ Yes            ❏ No

   (a)  If "Yes," provide:

   (1)  Name of the authority, agency, or court:

   (2)  Date of filing:
   (3)  Docket number, case number, or opinion number:
   (4)  Result:
   (5)  Date of result:
   (6)  Issues raised:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

 

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ❏ Yes        ❏ No

    If "Yes," answer the following:

    (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

         ❏ Yes        ❏ No

         If "Yes," provide:
         (1) Name of court: _____
         (2) Case number: _____
         (3) Date of filing: _____
         (4) Result: _____
         (5) Date of result: _____
         (6) Issues raised: _____

    (b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

         ❏ Yes        ❏ No

         If "Yes," provide:
         (1) Name of court: _____
         (2) Case number: _____
         (3) Date of filing: _____
         (4) Result: _____
         (5) Date of result: _____
         (6) Issues raised: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

---

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11.  **Appeals of immigration proceedings**

    Does this case concern immigration proceedings?

    ❏ Yes          ❏ No

        If "Yes," provide:

    (a)    Date you were taken into immigration custody: _____

    (b)    Date of the removal or reinstatement order: _____

    (c)    Did you file an appeal with the Board of Immigration Appeals?

        ❏ Yes          ❏ No

        If "Yes," provide:

        (1) Date of filing: _____

        (2) Case number: _____

        (3) Result: _____

        (4) Date of result: _____

        (5) Issues raised: _____

    (d)    Did you appeal the decision to the United States Court of Appeals?

        ❏ Yes          ❏ No

        If "Yes," provide:

        (1) Name of court: _____

        (2) Date of filing: _____

        (3) Case number: _____

(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❏ Yes          ❏ No

If "Yes," provide:

(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

   **GROUND ONE**:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b) Did you present Ground One in all appeals that were available to you?
❏ Yes    ❏ No

**GROUND TWO**:

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
❏ Yes    ❏ No

**GROUND THREE**:

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
❏ Yes    ❏ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
❏ Yes     ❏ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*